UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LADANTE CARLOS MCNEARY,

        Plaintiff,

v.

PORTAGE PUBLIC SAFETY
DEPARTMENT et al.,

        Defendants.
_____/

Case No. 1:20-cv-1

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a jail detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant City of Portage Public Safety Department. The Court will serve the complaint against Defendants Mattson and Vesey.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated at the Kalamazoo County Jail (KCJ). The actions about which he complains occurred during his arrest and booking at the jail. Plaintiff sues the City of Portage Department of Public Safety and two of its officers, N. Mattson and E. Vesey.

In his amended complaint (ECF No. 8), Plaintiff alleges that, on August 14, 2019, he was arrested in the parking lot of a Meijer store in Portage, Michigan. Defendants Mattson and Vesey handcuffed Plaintiff and placed him in the rear of Mattson's police cruiser. When Plaintiff asked what he was being arrested for, Defendant Mattson shoved his forearm into Plaintiff's throat. Officer Vesey opened the other rear door of the cruiser and grabbed Plaintiff's dreadlocks in both hands, ripping several dreadlocks from Plaintiff's scalp. Defendant Mattson began punching Plaintiff in the abdomen, pelvis, and thigh with significant force. Defendant Vesey placed Plaintiff in a choke hold, preventing Plaintiff from breathing. Vesey then used his taser to stun Plaintiff in the neck three times. According to Plaintiff, the attack lasted eight or nine minutes until other officers arrived. The attack was captured on cell phone footage. When the attack was over, Plaintiff's dreadlocks were caught in the door, resulting in a few more being ripped out. Plaintiff was transferred to the Kalamazoo County Jail without further incident. Once there, he allegedly was denied medical attention.

Plaintiff contends that Defendant officers used excessive force in arresting him, in violation of the Fourth Amendment. He seeks damages in the amount of $300,000.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues the City of Portage Department of Public Safety.  It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.  *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (a city police department is merely an agency of the city, not a legal entity, and therefore is not a proper defendant in a § 1983 lawsuit).  Thus, the City of Portage Department of Public Safety is an improper defendant and is entitled to judgment as a matter of law.  *Id.*

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue the City of Portage.  The City of Portage may not be held vicariously liable for the actions of its employees under § 1983.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Instead, a municipality is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff makes no allegations against the City of Portage.  His complaint against the city essentially rests on a theory of vicarious liability and therefore does not state a claim.  *Id.*  To the extent that Plaintiff intends to imply the existence of a custom of permitting unlawful uses of force, his complaint is wholly conclusory.  As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law."  *Connick*, 563 U.S. at 60.  Plaintiff cites no prior incidents demonstrating a widespread pattern.  He merely suggests that such a pattern exists.  Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Iqbal*, 556 U.S.

at 678; *Twombly*, 550 U.S. at 555 (2007).  Plaintiff therefore fails to state a claim against the City of Portage.

Accordingly, the Court will dismiss Plaintiff's claim against the City of Portage Department of Public Safety and any implied claim against the City of Portage.

Plaintiff alleges that Defendants Mattson and Vesey used excessive force in arresting him and transporting him to the Kalamazoo County Jail.  "Where, as here, [an] excessive force claim arises in the context of an arrest or investigatory stop of a free person, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person."  *Graham v. Connor*, 490 U.S. 366, 394 (1989) (quoting U.S. Const. amend. IV).  The right to make an arrest or investigatory stop has long been recognized to permit "some degree of physical coercion or threat thereof to effect it."  *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968)).  Determining whether the force used in a seizure was "reasonable" within the meaning of the Fourth Amendment requires consideration of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id.* (citing *Tennesee v. Garner*, 471 U.S. 1, 8-9 (1985)).  The inquiry requires evaluating "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Id.* at 397 (citing *Scott v. United States*, 436 U.S. 128, 138 (1978)).  Moreover, the reasonableness of the force must be judged from the perspective of a reasonable officer on the scene, "rather than with the 20/20 vision of hindsight."  *Id.* at 396.

Upon initial review, Plaintiff's allegations are sufficient to state a Fourth Amendment claim of excessive force against Defendants Mattson and Vesey.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant City of Portage Department of Public Safety will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Mattson and Vesey.

An order consistent with this opinion will be entered.


Dated:   April 16, 2020                             /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge