UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LADANTE CARLOS MCNEARY,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                        Case No. 1:20-cv-1

PORTAGE PUBLIC SAFETY
DEPARTMENT, et al.,

        Defendants.
_____/

## **ORDER**

The Court has before it Defendants' motion to compel Plaintiff's responses to interrogatories and requests to produce. (ECF No. 18.) Plaintiff has failed to respond to Defendants' motion to compel within the time provided by the Court's local civil rules. *See* W.D. Mich. LCivR 7.3(c) (providing that "any party opposing a nondispositive motion shall, within fourteen (14) days of service of the motion, file a responsive brief and supporting materials"). For the reasons set forth below, the motion is **GRANTED**.

Plaintiff filed his complaint in this case on January 2, 2020, while he was incarcerated at the Kalamazoo County Jail. On June 19, 2020, Defendants served their first set of interrogatories and requests for production of documents on Plaintiff at his address on file at the Kalamazoo County Jail. (ECF No. 13.) The discovery requests were returned to defense counsel because Plaintiff was no longer at the jail. (ECF No. 19-1; *see also* ECF No. 14.) Defendants have made multiple attempts to serve Plaintiff at his different addresses, including at the Kalamazoo County

Jail, to which Plaintiff recently returned in September 2020, but Plaintiff has not provided timely answers to Defendants' requests. (ECF Nos. 19-4 and 19-5.)

Because Plaintiff has failed to timely answer Defendants' discovery requests, Defendants are entitled to an order compelling Plaintiff to provide answers. Fed. R. Civ. P. 37(a)(3)(B). Accordingly, Plaintiff shall fully answer Defendants' interrogatories and requests for production of documents **within 21 days** of the date of this Order. If Plaintiff fails to answer Defendants' discovery requests as required by this Order, the Court may impose an appropriate sanction as set forth in Federal Rule of Civil Procedure 37(b)(2), up to and including dismissal of the action with prejudice.

Defendants also request that the Court require Plaintiff to pay their reasonable expenses incurred in filing the instant motion. Subject to certain exceptions and after allowing the non-moving party an opportunity to be heard, if a court grants a motion to compel, it must require the non-moving party to pay the movant's reasonable expenses, including attorney fees. Fed. R. Civ. P. 37(a)(5)(A). The only possible exception to an award of reasonable expenses in this case is that "other circumstances make an award of expenses unjustified," Fed. R. Civ. P. 37(a)(5)(A)(iii), which may include a plaintiff's *in forma pauperis* status, *see Llanes v. Barton*, No. 4:06CV3155, 2008 W.L. 1840771, at *2 (D. Neb. Apr. 22, 2008). Because Plaintiff has not responded to Defendants' motion, he has offered no reason why an award of expenses would be unjustified. Accordingly, within **14 days** of the date of this Order, Defendants shall file an affidavit of counsel setting forth the amount of expenses sought and specifying counsel's hourly rate and the amount of time incurred in preparing the motion to compel and supporting brief. Plaintiff shall have **14 days** from the date of service of counsel's affidavit to file a response, in which he may address the

reasonableness of Defendants' requested expenses and any circumstances indicating than an award would be unjustified.

    **IT IS SO ORDERED**.

Dated: October 21, 2020                                             /s/ Sally J. Berens
                                                                                            SALLY J. BERENS
                                                                                            United States Magistrate Judge